IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00361-BNB

BOB ALLEN CUSTARD,

    Plaintiff,

v.

BELTER,
G. BREAM,
BENJAMIN BRIESCHKE,
CHILDS,
MARK COLLINS,
CLAY COOK,
BLAKE DAVIS,
T. EISCHEN,
ANDREW FENLON,
FOSTER,
WILLIAM HAYGOOD,
J. JOHNSON,
D. KRIST,
R. KRIST,
LLOYD,
RICHARD MADISON,
TODD MANSPEAKER,
ANTHONY OSAGIE,
P. RANGEL,
STEVEN ROGERS,
ROSENBECK,
TENA SUDLOW, and
SZEMBORSKI,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

    Plaintiff, Bob Allen Custard, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) and is currently incarcerated at the United States Penitentiary Administrative Maximum (ADX), in Florence, Colorado.  Mr. Custard filed a *pro se*

motion titled, "Plaintiff's Motion for Reconsideration of and/or Relief from the 4/23/12 Order," on April 30, 2012.

The Court must construe the motion liberally because Mr. Custard is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The motion to reconsider will be denied for the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Custard filed the motion to reconsider within twenty-eight days after the order denying leave to proceed *in forma pauperis* was entered in the instant action. The Court, therefore, finds that the motion to reconsider is filed pursuant to Rule 59(e). *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiff initiated this action by filing a *pro se* civil rights complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Mr. Custard sought leave to proceed without prepayment of fees or security therefor pursuant to § 1915. In relevant part, this statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). For the purposes of this analysis, the Court may consider actions or appeals dismissed prior to the enactment of 28 U.S.C. § 1915(g). *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

Mr. Custard, on three or more prior occasions, has brought an action in this Court that was dismissed on the grounds that it was frivolous, malicious, or that it failed to state a claim. *See Custard v. Lappin, et al.*, 07-cv-00844-ZLW (D. Colo. July 26, 2007) (dismissed as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)), *aff'd*, 260 Fed. Appx. 73 (10th Cir. Jan. 3, 2008) (recognizing that Mr. Custard is subject to § 1915(g) three strike filing restriction); *Custard v. Gariety*, No. 04-cv-03078-RED-P (S.D. Mo. July 22, 2004) (dismissed pursuant to 28 U.S.C. § 1915A(b)(1) & (2)), *aff'd*, No. 05-1067 (8th Cir. Aug. 3, 2005); *Custard v. Agtuca, et al.*, No. 00-cv-00927-JPG (S.D. Ill. Mar. 6, 2002) (dismissed for failure to exhaust counted as a strike), *appeal dismissed*, No. 02-1748 (8th Cir. July, 12, 2002).

However, the Court may not deny Mr. Custard leave to proceed *in forma pauperis* if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In order to meet the "imminent danger" requirement, "the harm must be imminent or occurring at the time the complaint is filed." *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003). In other words, allegations of past injury or harm are

3

insufficient, *see id.*, as are vague and conclusory assertions of harm, *see White v. Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). To fall within the exception, the Complaint must therefore contain "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added).

Therefore, on February 22, 2012, the Court directed Mr. Custard to show cause why he should not be denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). The February 22 Order also directed Mr. Custard to file an amended prisoner complaint that complied with Rule 8 of the Federal Rules of Civil Procedure and alleged the personal participation of each named defendant. Mr. Custard filed a response to the order to show cause and an amended complaint on March 9, 2012.

Mr. Custard asserts two claims in the amended complaint. As his first claim, he asserts that he has been labeled as a "snitch" by prison staff in retaliation for grievances he has filed. Amended Complaint at 8. Mr. Custard alleges that the named Defendants have been calling him a "snitch" and a "rat" in front of other inmates for the past two years. *Id.* at 10. He also alleges that the named Defendants "decided, desire and intent [sic] . . . that Pltf [sic] actually be caused physical injury, maimed or killed, and indeed, and in fact, Pltf [sic] has already been assaulted and seriously injured by other inmates over these Def's [sic] labelling [sic] Pltf [sic] 'A Snitch' . . . ." *Id.* at 13-14. Mr. Custard does not provide any additional information regarding alleged assaults at the hands of other inmates. As his second claim, Mr. Custard asserts that, in retaliation for grievances he has filed, the named Defendants turn off his cell lights and refuse to

move him to a lighted area.  He alleges that this practice has been occurring since November 3, 2010, and has occurred "dozens of times."  *Id.* at 17.  He alleges that his cell becomes "pitch black" which exposes him to hazardous condition.  *Id.* at 15-17.  He further asserts that on November 9, 2010, when his lights were turned off, he fell over a "broken . . . concrete desk top and seat and was seriously injured on jagged welds on the metal in-cell shower directly resulting in fifteen (15) stitches to [his] left forearm and back."  *Id.* at 18.

On April 23, 2012, the Court entered an order denying Mr. Custard leave to proceed *in forma pauperis*.  Specifically, the Court found that Mr. Custard failed to provide any specific supporting factual allegations that would demonstrate he was in danger of "ongoing serious physical injury".  *Martin*, 319 F.3d at 1050.  Therefore, Mr. Custard was directed to pay the $350.00 filing fee within thirty days.  Mr. Custard was warned that the action would be dismissed without further notice if he failed to submit the $350.00 filing fee within the time provided.

Mr. Custard now seeks reconsideration of the order denying him leave to proceed pursuant to 28 U.S.C. § 1915.  With respect to his first claim, that prison officials have labeled him a "snitch" in retaliation for grievances he has filed, Mr. Custard argues that the prison officials' "misconduct" in labeling him a "snitch" is sufficient, by itself, to prove that he is in imminent danger of serious physical injury.  Motion at 2.  Mr. Custard relies on *Benefield v. McDowall*, 241 F.3d 1267 (10th Cir. 2001) to support this conclusion.  In *Benefield*, the Tenth Circuit held that an inmate's allegation that he had been labeled a "snitch" was, by itself, sufficient to meet the standard for a violation of the Eighth Amendment because it demonstrated that the inmate was "incarcerated

under conditions posing a substantial risk of serious harm". 241 F.3d at 1271. The Tenth Circuit has further clarified that "allegations of a prison officer's deliberate disclosure of dangerous information about an inmate's status are sufficient to state a claim under the Eighth Amendment provided the alleged danger is facially concrete and plausible enough to satisfy basic pleading standards." *Brown v. Narvais*, 265 Fed. Appx. 734, 736 (10th Cir. Feb. 19, 2008) (unpublished opinion).

However, the prisoners in the cases discussed above were not subject to §1915(g) restrictions, like Mr. Custard. At this stage of review, instead of demonstrating that he is at "substantial risk of serious harm", which is the standard for an Eighth Amendment claim, Mr. Custard must instead show that he is "under *imminent* danger of serious physical injury." 28 U.S.C. § 1915(g) (emphasis provided). The Court denied Mr. Custard leave to proceed pursuant to § 1915(g) on the grounds that "Mr. Custard alleges that he has been labeled a snitch by prison officials for over two years, and there is no factual support in the record to demonstrate that he has been subject to any on-going or serious harm as a result. He has failed to provided any 'credible, uncontroverted allegations of physical threats and attacks.'" Order Denying Leave to Proceed *In Forma Pauperis* at p. 4 (citing *White*, 157 F.3d at 1050). Based on the allegations Mr. Custard has provided in the Amended Complaint, the Court found that Mr. Custard failed to establish that there was any imminent danger of serious physical injury.

In the Motion to Reconsider, Mr. Custard again fails to identify any "credible, uncontroverted allegations of physical threats and attacks." *White*, 157 F.3d at 1050. Although he discusses *Benefield*, this case is distinguishable from the case at hand

because the *Benefield* plaintiff was not subject to § 1915(g) restrictions. Mr. Custard fails to cite to any case within this circuit, and the Court's research has revealed none, which holds that the mere fact that a prisoner has been labeled a "snitch" by prison officials establishes that he is under imminent danger of serious physical injury. *Contra Davis v. Rice*, 2008 WL 2397570, at *1 (D. Colo. June 10, 2008) (unpublished opinion) (holding that because prisoner who was subject to § 1915(g) restrictions failed to identify any "ongoing, real, or proximate threat to his personal safety from being allegedly identified by staff as a prisoner informant some seven months earlier, there is no evidence that plaintiff is or will be subject to serious physical harm if he is not granted leave to proceed without prepayment of the district court filing fee"). Therefore, Mr. Custard has again failed to establish an exception to the "3-strike" provision in § 1915.

Likewise, with respect to Mr. Custard's second claim, in which he asserts that prison officials turn off the lights in his cell, he fails to identify anything other than allegations of past harm, which are insufficient to meet the requirements of § 1915(g).

Therefore, Mr. Custard has not asserted any of the major grounds that would justify reconsideration in his case, and the motion to reconsider will be denied. *See Servants of the Paraclete*, 204 F.3d at 1012. Mr. Custard must pay the full $350.00 filing fee pursuant to 28 U.S.C. § 1914(a) if he wishes to pursue his claims in this action. The Court will provide Mr. Custard additional time to submit the $350.00 filing fee, but Mr. Custard is warned that his failure to pay within the time provided will result in the dismissal of this action without further notice. The Court will not review any further motions to reconsider; instead, the only proper filing at this time is payment of the

$350.00 filing fee. Accordingly, it is

ORDERED that "Plaintiff's Motion for Reconsideration of and/or Relief From the 4/23/12 Order," (Doc. # 14) is DENIED. It is

FURTHER ORDERED that Mr. Custard shall have **thirty (30) days from the date of this Order** to pay the entire $350.00 filing fee if he wishes to pursue his claims in this action. It is

FURTHER ORDERED that if Mr. Custard fails to pay the entire $350.00 filing fee within the time allowed, the amended complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that the only proper filing at this time is the payment of the $350.00 filing fee.

DATED at Denver, Colorado, this 7th day of May, 2012.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court